UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

___

SEBASTIAN PATRICK WILLIAMS,

        Plaintiff,                      Case No. 2:09-cv-59

v.                                         Honorable Gordon J. Quist

JIM WALLIS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Caruso, Armstrong, Vitiala, Pokley, Aalto, Napel and Hofbauer. The Court will serve the complaint against Defendants Niemisto, Wallis and Laitinen.

**Discussion**

I.        Factual allegations

Plaintiff is currently incarcerated at Marquette Branch Prison (MBP). In his *pro se* complaint, he alleges that his equal protection rights were violated and that he was retaliated against for filing complaints regarding the violation of his equal protection rights. Plaintiff sues Michigan Department of Corrections (MDOC) Director Patricia Caruso and Prisoners Affairs Section Director Jim Armstrong and the following MBP employees: Classification Program Coordinator Jim Wallis, Acting Assistant Resident Unit Supervisor (A/ARUS) Darrin Vitiala, Assistant Resident Unit Supervisor (ARUS) Mark Pokley, Resident Unit Manager (RUM) Ken Niemisto, Grievance Coordinator Mike Laitinen, Assistant Deputy Warden of Housing Cathy Aalto, Deputy Warden Robert Napel, and Warden Gerald Hofbauer. (Compl. at 2, docket #1.)

Plaintiff alleges that upon release from Administrative Segregation he was told that he had to wait 30 days before he would be given an "institutional routine work assignment." (Compl. at 3.) Plaintiff states that Defendant Vitiala "informed Plaintiff that the 30 days waiting period for a institutional routine work assignment applie[d] to all prisoners release[d] from Administrative Segregation." (*Id.*) Plaintiff alleges that two other prisoners who were released from Administrative Segregation at the same time as Plaintiff received their institutional routine work assignments before the end of the 30-day waiting period. Plaintiff claims that he was discriminated against and that his equal protection rights were violated because the other two prisoners did not have to wait the 30-day period and Plaintiff did have to wait the full period. (*Id.* at 4.)

Plaintiff filed a grievance against Defendant Wallis raising the alleged discrimination and violation of his equal protection rights. In his complaint, Plaintiff alleges that he was retaliated against by not being classified as a porter in food services because he filed that grievance. (Compl.

at 11.) Plaintiff claims that he was offered a position to work on the "Yard Crew" instead of in the kitchen despite the fact that he had worked as a porter for one and one-half years while he was in Administrative Segregation. (*Id.* at 7, 15.) He states that he refused to accept the yard crew assignment because he had a back injury. (*Id.* at 7-8.) Plaintiff alleges that he was not given an alternate assignment and was placed on "Unemployable Status." (*Id* at 8-9.)

For relief, Plaintiff requests an injunction to prevent the imposition of a policy that requires a 30-day "positive behavior waiting period before classifying prisoners to Institutional Routine Work Assignments." (*Id.* at 19.) Plaintiff also seeks $100,000.00 in compensatory damages and a minimum of $375,000.00 in punitive damages. (*Id.*)

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Equal Protection - Class of One

Plaintiff claims that his rights under the Equal Protection Clause of the Fourteenth Amendment were violated when he was required to wait 30 days before he was assigned a job and other prisoners who were released from Administrative Segregation at the same time did not have to wait 30 days. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Because a fundamental right is not implicated in this case and Plaintiff does not allege that he is a member of a suspect class, he is not entitled to strict scrutiny. Instead, the decision to require Plaintiff to demonstrate 30 days of good behavior prior to giving him a job assignment need only be rationally related to a legitimate governmental interest. *See United States v. Kras*, 409 U.S. 434, 446 (1973); *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).

To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally

treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Plaintiff cannot make such a demonstration.  Plaintiff states that there is a general policy that a prisoner is required to have 30 days of good behavior after being released from Administrative Segregation before receiving a job assignment. (Compl. at 3, 19.)  Plaintiff claims not that he was held to a higher standard than the usual policy or even that it was applied only to him.  Instead, he claims that two other prisoners were not required to wait as long as the policy required.  (Compl. at 17.)  Moreover, Plaintiff does not allege that he and the other two inmates are otherwise similarly situated.  He does not allege that they have the same work history or misconduct history, or that they are similar in any other aspect beyond one major misconduct conviction.

   The prison also has a rational basis for Plaintiff's alleged difference in treatment. MICH. DEP'T. OF CORR., Policy Directive 05.01.100(F) states, in relevant part, that "custody and security concerns . . . and, to the extent possible, the prisoner's preference also shall be considered when making program classification decisions." (*See also* Ex. 1D.)  As set forth in Plaintiff's complaint, the response to his grievance states that "[i]t was determined by MBP's Program Classification Committee that a work assignment was not appropriate, for Security reasons." (Compl. at 5, 6; *see also* Exs.1F, 1A.)  Additionally, the Program Certification Report Form indicated that "[Plaintiff's] past behavior warrant[s] closer supervision than [the] kitchen can provide. [Plaintiff] [m]ust demonstrate a period of positive work reports before being considered for kitchen." (Compl. at 13; Ex. 13.)  Requiring Plaintiff to show 30 days of good behavior and positive work performance before receiving a specific job classification is wholly rational and reasonably related to the legitimate purpose of maintaining security at the prison.  Therefore, Plaintiff fails to state a claim for violation of his equal protection rights.

      *B.*  *Retaliation*

    Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

    Plaintiff claims that he was retaliated against because he filed grievances. (Compl. at 4, 15.) The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be retaliated against. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000). Plaintiff must also show that there was an adverse action taken against him and that it was causally connected to his filing the grievance against Defendant Wallis. It appears, although it is not clear, that Plaintiff alleges three possible adverse actions: (1) that he was not given the job of porter in the kitchen; (2) that he was listed as "unemployable;" and (3) that he was given the job assignment of "Yard Crew" instead of the job that he desired. (*Id.* at 7-9, 13.)

    The first ground fails to state a claim because the alleged adverse action took place before the grievances were filed. Therefore, the action could not have been motivated by the protected conduct of his filing grievances. The second ground also fails to state a claim. MICH.

- 6 -

DEP'T. OF CORR., Policy Directive 05.01.100(Y)(3), provides that a prisoner is classified a unemployable when they "refused to accept, or fail[ed] to fully and actively participate in, a work assignment, or a school assignment required pursuant to PD 05.02.112 'Education Programs for Prisoners'." In his complaint, Plaintiff states that he refused to accept his assignment to the Yard Crew. (Compl. at 7-8.) Because he refused to participate in his work assignment, Plaintiff is correctly classified as unemployable under MICH. DEP'T. OF CORR., Policy Directive 05.01.100(Y). Therefore, Plaintiff cannot show that being listed as unemployable was an adverse action taken in response to the filing of grievances.

The third ground, however, is sufficient to state a claim against Defendants Niemisto, Wallis and Laitinen. Plaintiff alleges that Defendant Niemisto told him to stop filing "bullshitting grievances" if he wanted to get the desired job assignment. (Compl. at 4.) Plaintiff also alleges Defendant Wallis gave him the undesired Yard Crew assignment after reviewing Plaintiff's grievance. (*Id.* at 7.) Plaintiff further claims that Defendant Laitinen indicated that Plaintiff was not getting the porter position because of the grievances he filed against Defendant Wallis and that Plaintiff needed to stop filing grievances if he wanted the good job assignment. (*Id.* at 11.) Therefore, the complaint will be served on those three Defendants.[1]

## Conclusion

---

[1] Plaintiff makes some vague allegations that he was labeled "as 'Unemployable', 'A Cry Baby', ' Complainer', and 'A Rat'" by "Correctional Officers" because he complained about and filed grievances against Defendant Wallis. (Compl. at 18.) Plaintiff claims that this labeling has resulted in Plaintiff coming close to physical altercations with other prisoners. (*Id.*) Plaintiff's claims, however, do not give any specifics regarding which corrections officer allegedly labeled him. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (citing *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). Therefore, in the absence of additional information, Plaintiff fails to state a claim.

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Caruso, Armstrong, Vitiala, Pokley, Aalto, Napel and Hofbauer will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Niemisto, Wallis and Laitinen.

An Order consistent with this Opinion will be entered.


Dated:  April 30, 2009                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE