UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SABASTIAN PATRICK WILLIAMS,

    Plaintiff,

v.

Case No. 2:09-cv-59
HON. GORDON J. QUIST

JIM WALLIS, et al.,

    Defendant(s).
_____/

## REPORT AND RECOMMENDATION

    Plaintiff prisoner Sebastian Patrick Williams filed this complaint asserting a violation of his equal protection rights and retaliation arising out of the failure to receive a kitchen job at the Marquette Branch Prison. The Court issued an opinion on April 30, 2009, dismissing Plaintiff's equal protection claims and dismissing Defendants Caruso, Armstrong, Vitiala, Pokley, Aalto, Napel and Hofbauer. The Court concluded that Plaintiff stated a retaliation claim against Defendants Niemisto, Wallis and Laitinen and ordered service of process on those Defendants. Defendants Niemisto, Wallis and Laitinen have filed a motion for summary judgment, arguing that Plaintiff has failed to state a First Amendment claim, that Plaintiff was not denied his Fourteenth Amendment rights through the denial of prison employment, that Plaintiff cannot show that his equal protection rights were violated, that Defendants were not personally involved in the activity that forms the basis of Plaintiff's complaint, and that Defendants are entitled to defense of qualified immunity.

> The Court stated in its April 30, 2009, opinion:
>
>> Requiring Plaintiff to show 30 days of good behavior and positive work performance before receiving a specific job classification is wholly rational and reasonably related to the legitimate purpose of maintaining security at the prison. **Therefore, Plaintiff fails to state a claim for violation of his equal protection rights.** (Emphasis added).

Opinion at page 5. Plaintiff's equal protection claim has already been dismissed by this Court. Defendants' motion is ill conceived.

> Similarly, the Court wrote:
>
>> The third ground, however, is sufficient to state a claim against Defendants Niemisto, Wallis and Laitinen. Plaintiff alleges that Defendant Niemisto told him to stop filing "bullshitting grievances" if he wanted to get the desired job assignment. (Comp. At 4.) Plaintiff also alleges Defendant Wallis gave him the undesired Yard Crew assignment after reviewing Plaintiff's grievance. (*Id*. at 7.) Plaintiff further claims that Defendant Laitinen indicated that Plaintiff was not getting the porter position because of the grievances he filed against Defendant Wallis and that Plaintiff needed to stop filing grievances if he wanted the good job assignment. (*Id*. at 11.) Therefore, the complaint will be served on those three Defendants.

Opinion at page 7. Thus, the Court has ruled that Plaintiff stated a retaliation claim against the remaining three Defendants and that the remaining three Defendants allegedly took some action related to the retaliation claims. It is clear that the only remaining claim in this case is for retaliation against Defendants Niemisto, Wallis and Laitinen. The Court undertakes an initial review of all prisoner cases to determine if the complaint should go forward. As part of the initial review that is conducted in every prisoner case, the Court determines whether the complaint states a claim for relief. The Court does this to narrow the issues to assist Defendants, Plaintiff and the Court. Once the Court narrows the issues, it is nonsensical to revisit claims in a subsequent dispositive motion that have already been dismissed. Similarly, there exists no reason to argue in a dispositive motion

issues that have already been ruled upon by the Court. Doing so results in a waste of the parties' and the Court's time and destroys the purpose of the initial review process. The issues in this case have already been limited by the Court's initial opinion. Revisiting those issues in a dispositive motion is inappropriate and unnecessary.

Accordingly, Defendants' motion for summary judgment (Docket #13) should be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 16, 2010