UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SEBASTIAN PATRICK WILLIAMS,

    Plaintiff,

v.

Case No. 2:09-cv-59
HON. GORDON J. QUIST

JIM WALLIS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff prisoner Sebastian Patrick Willliams filed this civil rights action pursuant to 42 U.S.C. § 1983 against the remaining defendants, Jim Wallis, Ken Niemisto and Mike Laitinen. Plaintiff asserted that defendants retaliated against him by giving him a job assignment with the "yard crew" instead of the job that he wanted because plaintiff had filed grievances. Plaintiff has filed a motion for a temporary restraining order requesting that an order be issued to stop defendants from harassing and retaliating against him. Plaintiff alleges that non-defendants Correctional Officers Todd Ninnis, S. Richardson and Assistant Resident Unit Superisor Nicole Dehl and Assistant Grievance Coordinator Glenn Caron participated with defendants in retaliating against plaintiff. Plaintiff alleges that all these individuals have worked in concert with defendants to prevent him from petitioning State Legislative Officials for redress of his grievances involving his condition of incarceration.

I have reviewed plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the

merits and does not establish that plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that plaintiff's request for a temporary restraining order be denied.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the

materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his federal rights. Plaintiff has made no attempt to show any likelihood of success on the merits of his underlying claims. Moreover, his temporary restraining order request is not based upon the subject matter of his underlying claim, but involves a new claim of retaliation against individuals who are not involved in this litigation. Plaintiff argues that some of these individuals are agents of some of the defendants and asserts that they all acted in concert. Moreover, plaintiff has requested, at least in part, that the court enter an order to prohibit these non-defendants from harassing and retaliating against plaintiff. Corrections officers are already obligated under the law to not retaliate and to not harass prisoners. It serves no purpose for the court to order a party to refrain from conduct that would be a violation of the law. Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion for a temporary restraining order (Docket #19) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 20, 2010