UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

SABASTIAN PATRICK WILLIAMS,

    Plaintiff,                                          Case No. 2:09-CV-59

v.                                                                     Hon. Gordon J. Quist

JIM WALLIS, *et al.*,

    Defendants.

_____/

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION**

On January 31, 2011, Magistrate Judge Timothy P. Greeley issued a report and recommendation in which he recommended that Defendants' motion for summary judgment be granted in part and denied in part, dismissing Plaintiff's official capacity claims against Defendants but denying the motion on Plaintiff's individual capacity retaliation claim. Defendants, Resident Unit Manager Ken Niemisto, Classification Program Coordinator Jim Wallis, and Grievance Coordinator Mike Laitinen, have filed an Objection to the report and recommendation asserting that their motion should be granted in its entirety.

In the report and recommendation, the magistrate judge concluded that an issue of fact remains as to whether Defendants took retaliatory action against Plaintiff. In particular, the magistrate judge noted that Plaintiff alleges that he and two other prisoners were released from administrative segregation with assignments to kitchen jobs. The magistrate judge noted that Plaintiff alleges that despite a rule requiring prisoners released from administrative segregation to wait 30 days before receiving their job assignments, the two other prisoners were immediately

assigned to kitchen jobs but Plaintiff was not. Plaintiff further alleges that Defendants retaliated against him after he filed a grievance by informing him that he would not receive a kitchen assignment and instead would assigned to the less-desirable job of yard crew.

Defendants object to the Report and Recommendation on various grounds. First, Defendants Laitinen and Niemisto contend that Plaintiff's retaliation claim fails against them because they were not involved in decisions to assign or classify prisoners to particular work assignments. Defendants Laitinen and Niemisto further claim that, based upon their lack of involvement in causing the alleged adverse action, they are entitled to qualified immunity. Defendant Wallis, who was responsible for institutional job assignments, contends that he is entitled to summary judgment because he had a legitimate reason unrelated to Plaintiff's grievance for not assigning Plaintiff to a kitchen job. Finally, Defendant Wallis also contends that he is entitled to qualified immunity.

After conducting a *de novo* review of the Report and Recommendation, Defendants' Objection, and the pertinent portions of the record, the Court will reject the Report and Recommendation and grant Defendants' motion for summary judgment.

### *Defendants Laitinen and Niemisto*

Defendants Laitinen and Niemisto assert that they cannot be liable for retaliation because they lacked authority to assign Plaintiff to particular prison work assignments. During the relevant time, Defendant Laitinen was the Grievance Coordinator at Marquette Branch Prison (MBP). (2d Laitinen Aff. ¶ 1.) Laitinen states that as part of his duties he was responsible for processing step I grievances at the prison. (*Id.* ¶ 3.) Laitinen further states that he was "not involved in the decision to assign or classify a prisoner to a particular work assignment." (*Id.* ¶ 5.) Defendant Niemisto states that during the relevant period of time he was a Resident Unit Manager (RUM) at the MBP and was "assigned as the RUM for two level V general population housing units in MBP's Level

V, Maximum Security facility." (*Id.* ¶ 3.) Niemisto states that although he makes recommendations to the Program Classification Committee, he was "not involved in the decision to assign or classify a prisoner to a particular work assignment." (*Id.* ¶ 5.)

The Sixth Circuit has held that a defendant cannot be held liable on a First Amendment retaliation claim where the defendant was not involved in the decision resulting in the adverse action and lacked the authority take the retaliatory action. *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999). *See also Echlin v. Boland*, 111 F. App'x 415, 417 (6th Cir. 2004) ("The motivations of non-decisionmakers cannot establish a causal connection in a retaliation case."). In this case, Defendants Laitinen and Niemisto have shown that they were not involved in decisions concerning prisoner work assignments. Although the magistrate judge did not address this specific issue, Defendants raised it in their motion and presented evidence establishing they were non-decisionmakers. Because Plaintiff failed to present any evidence contradicting their statements in their affidavit, Defendants Laitinen and Niemisto are entitled to summary judgment.

### *Defendant Wallis*

Defendant Wallis contends that he is entitled to summary judgment because he had a legitimate basis for denying Plaintiff's preference to be assigned a kitchen job. In this regard, Defendant Wallis points out that the magistrate judge erroneously assumed that Plaintiff was released from administrative segregation with a classification for a work assignment in the kitchen. Instead, Defendant Wallis asserts, Plaintiff, like the other two prisoners about whom he complained, was screened for work assignments *after* he was released from administrative segregation into the general population. (2d Wallis Aff. ¶¶ 6, 7.) MBP has a rule requiring inmates released from administrative segregation to wait 30 days before being considered for a work assignment, but the waiting time can be adjusted based upon institutional needs and the available labor pool. (*Id.* ¶¶ 4,

5.) Wallis states that at the time Plaintiff and prisoners Smith and Roseman were released from administrative segregation, MBP had a need for kitchen workers. Wallis screened all three prisoners and concluded that while Smith and Roseman were appropriate candidates for kitchen positions, Plaintiff should not receive a kitchen assignment. (*Id.* ¶¶ 6, 7, 11.) All three prisoners had been involved in the Ojibway riot, but Wallis determined that Plaintiff played a more active role than Smith and Roseman by striking and physically injuring a corrections officer. In addition, Smith and Roseman received favorable recommendations from ARUS Govern, while Plaintiff had not received a similar recommendation. (*Id.* ¶¶ 9, 11.) Based upon Plaintiff's involvement in the riot, Wallis determined that Plaintiff needed closer supervision than could be provided in a kitchen position. (*Id.* ¶ 10.)

In order to establish a First Amendment retaliation claim, a plaintiff must show that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection exists, that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). If the plaintiff meets his burden of establishing a prima facie case, the burden of production shifts to the defendant. "If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Id.* at 399.

In the instant case, Wallis argues that he had a legitimate basis for not assigning Plaintiff to his preferred kitchen assignment. The Court agrees. In fact, the evidentiary record shows that Plaintiff cannot even establish the requisite causal connection between his filing of the grievance and the alleged adverse action of denying him a kitchen assignment. In concluding that Defendants' motion should be denied, the magistrate judge assumed that Plaintiff was released from

4

administration segregation with a classification for work in the kitchen. The evidence shows, however, that Plaintiff and prisoners Smith and Roseman did not have kitchen assignments at the time they were released from administrative segregation, but instead were screened after they were released. In addition, as Defendant Wallis points out, Plaintiff was never assigned a kitchen job. This is confirmed by Plaintiff in his affidavit, in which he states that on April 1, 2008, after he and prisoners Smith and Roseman were released from administrative segregation, Smith told Plaintiff that Smith and Roseman had been classified to work kitchen assignments. (Williams Aff. ¶ 5.) When Plaintiff complained to ARUS Vitiala about not getting classified for a position, Plaintiff was informed that the 30-day waiting period applied and he would not be classified for any position for 30 days. (*Id.* ¶¶ 6, 7.) Plaintiff then filed his grievance on April 11, 2008, complaining about being subjected to the 30-day waiting period while Smith and Roseman were not subject to the same rule. (*Id.* ¶ 10.) Thus, prior to filing his grievance, Plaintiff had not been classified for a kitchen assignment, nor had he been promised such a position. This evidence shows that Plaintiff's grievance had no bearing on Wallis' decision not to classify Plaintiff for a kitchen position. Accordingly, Plaintiff cannot show that his protected conduct was a motivation for the alleged adverse action. Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed January 31, 2011, is **REJECTED**.

**IT IS FURTHER ORDERED** that Defendants' Second Motion For Summary Judgment (docket no. 35) is **GRANTED**.

A separate judgment will issue.


Dated: March 22, 2011                             /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE